```
┌─────────────────────────────────────────────┐
│ USDC SDNY                                     │
│ DOCUMENT                                      │
│ ELECTRONICALLY FILED                          │
│ DOC #:  _____                      │
│ DATE FILED: July 3, 2013                      │
└─────────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JODD READICK, on behalf of himself and all
others similarly situated,

                          Plaintiff,

          - against -

AVIS BUDGET GROUP, INC. and AVIS
RENT A CAR SYSTEM, LLC,

                          Defendants.

**MEMORANDUM
OPINION & ORDER**

12 Civ. 3988 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

In this putative class action, Plaintiff Jodd Readick claims that defendants Avis

Budget Group, Inc. and Avis Rent A Car System, LLC (collectively, "Defendants" or "Avis")

(1) violated N.Y. Gen. Bus. Law § 349; (2) breached their standardized Rental Agreement; and

(3) were unjustly enriched, by failing to properly disclose a convenience fee charged for the use

of electronic toll collection devices ("ETD"), such as E-Z Pass, provided in certain rental cars.

Avis has moved to dismiss under Fed. R. Civ. P. 12(b)(6).  For the reasons stated below, Avis's

motion will be denied in part, and granted in part.

BACKGROUND

On September 18, 2011, Plaintiff rented a vehicle from an Avis location at 147

West 83rd Street in Manhattan.  (Marino Cert., Ex. A (Rental Agreement))  The vehicle was

equipped with an ETD for use on toll roads, bridges, and tunnels.  (Marino Cert., Ex. A; Cmplt.

¶¶ 2, 5)[1]  At that time, Plaintiff executed a Rental Agreement consisting of a signed form and a

---

[1]  The Rental Agreement is incorporated by reference in the Complaint and therefore may be
considered in resolving Avis's motion to dismiss.  See DiFolco v. MSNBC Cable LLC, 622
F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.

document jacket printed with Terms and Conditions.  (See Marino Cert., Ex. A ("By my

signature, I acknowledge receipt of all notices which appear on this rental document.  I agree to

the terms and conditions including who may drive the car, which is stated on the rental

document jacket provided."))  After returning the vehicle, Plaintiff was charged an ETD

convenience fee[2] in addition to actual toll fees he incurred during the rental period.  (See Cmplt.

¶ 5)

         Plaintiff alleges that Avis did not properly disclose the convenience fee.  (Cmplt.

¶ 5)  Sections 5 and 23 of the Terms and Conditions provide in relevant part:

> 5. Rental Charges. . . . If you use a car with automatic toll payment capability,
> you will pay us or our toll administrator for all tolls incurred during your rental
> and all related fees, charges and penalties. . . .
>
> 23. Collections.  If you do not pay all amounts due to us under this agreement
> upon demand, including all charges, fees and expenses, including, without
> limitation, payment for loss of or damage to the car, rental charges, parking and
> traffic fines and penalties, toll charges, towing, storage and impoundment fees,
> you agree to pay a late charge of 1 1/2% per month on the past due balance or the
> highest rate permitted by applicable law, whichever is less (collectively,
> "Charges").  For toll charges you will be charged the standard non-discounted
> fee for toll[] roads as published by the toll authority plus the convenience fee of
> $2.50 per rental day regardless of whether you use e-Toll or not and up to $10
> per week for the use of this service.  You agree to also pay for any costs that we
> incur in seeking to collect such Charges including, without limitation, court costs
> and attorney's fees in addition to any administrative fees, cost recovery,
> insufficient funds fees and collection fees (collectively, "Costs").

(Marino Cert., Ex. A)

         Plaintiff filed this action in the Supreme Court of the State of New York, New

York County.  (Dkt. No. 1 ¶ 1)  On May 18, 2012, Avis removed the case to this Court on the

---

2002) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6),
a district court may consider . . . documents incorporated by reference in the complaint.")).
[2]  The Complaint does not state the amount of the ETD convenience fee.  However, the Rental
Agreement indicates that the fee is $2.50 per day, and the Rental Agreement shows that Plaintiff
rented a vehicle for one day.  (Marino Cert., Ex. A)

basis of diversity of citizenship.  (Dkt. No. 1 ¶ 2)  Avis filed its motion to dismiss on September

26, 2012.  (Dkt. No. 20)

DISCUSSION

I.      LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  These factual allegations must be "sufficient to raise a right to relief above the

speculative level."  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

"In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the

complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)),

and must "draw all reasonable inferences in favor of the plaintiff."  Id. (citing Fernandez v.

Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of

'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and

does not provide factual allegations sufficient "to give the defendant fair notice of what the

claim is and the grounds upon which it rests."  Port Dock & Stone Corp. v. Oldcastle NE., Inc.,

507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule

12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to

the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco,

622 F.3d at 111 (citing Chambers, 282 F.3d at 153; Hayden v. Cnty. of Nassau, 180 F.3d 42, 54

3

(2d Cir. 1999)).  Additionally, "[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."  Id.  (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

## II.     PLAINTIFF'S CLAIM UNDER N.Y. GEN. BUS. LAW § 349 IS ADEQUATELY PLED

Avis argues that Plaintiff's N.Y. Gen. Bus. Law § 349 claim must be dismissed because his "conclusory allegations do not include any facts that amount to a 'deceptive act,' an element necessary for establishing a NY GBL § 349 claim."  (Def. Br. 1 (quoting N.Y. Gen. Bus. Law § 349))  Plaintiff contends that Avis acted deceptively by charging an ETD convenience fee without disclosing the fee (see Cmplt. ¶ 4) or, alternatively, by using disclosure "language [that] is deliberately ambiguous."  (See Cmplt. ¶ 24)

### A.     Applicable Law

N.Y. Gen. Bus. Law § 349 makes it unlawful to use "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York State]."  N.Y. Gen. Bus. Law § 349(a).  Section 349(h) provides a private right of action for "any person who has been injured by reason of any violation of this section . . . ."  N.Y. Gen. Bus. Law § 349(h).  "[A]s a threshold matter, plaintiffs claiming the benefit of [S]ection 349 . . . must charge conduct of the defendant that is consumer-oriented. . . . A prima facie case requires as well a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof."  Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 25-26 (N.Y. 1995) (citing Varela v. Investors Ins. Holding Corp., 81 N.Y.2d 958, 96 (N.Y. 1993); Givens, Practice

Commentaries, McKinney's Consol. Laws of N.Y., Book 19, General Business Law § 349, at 565).

"[D]eceptive acts and practices, whether representations or omissions, [are defined as] those likely to mislead a reasonable consumer acting reasonably under the circumstances." Oswego, 85 N.Y.2d at 26. "However, the plaintiff need not demonstrate that the defendant acted intentionally or with scienter." Leider v. Ralfe, 387 F. Supp. 2d 283, 292 (S.D.N.Y. 2005) (citing Oswego, 85 N.Y.2d at 26). Although "there can be no [S]ection 349(a) claim when the allegedly deceptive practice was fully disclosed," Broder v. MBNA Corp., 281 A.D.2d 369, 371 (1st Dept. 2001) (citing Sands v. Ticketmaster-New York, Inc., 207 A.D.2d 687, 687 (1st Dept. 1994)), a Section 349 claim may lie where "the defendant failed to clearly and conspicuously disclose the existence of [certain] fees and the circumstance under which they are imposed." See Lonner v. Simon Prop. Group, Inc., 57 A.D.3d 100, 111 (2d Dept. 2008) (holding that the plaintiff's allegations were sufficient to state a cause of action under Section 349 given "that the type size used by the defendant [was] impermissibly small, that the defendant failed to clearly and conspicuously disclose the existence of the dormancy fees and the circumstance under which they are imposed, and that the plaintiff was injured by this conduct");[3] see also Broder, 281 A.D.2d at 687 (denying defendant's motion for summary judgment on a N.Y. Gen. Bus. Law § 349 claim because a question of fact existed as to the

---

[3]  Although the Complaint asserts that the Rental Agreement is in "fine print" (Cmplt. ¶ 23), Plaintiff does not argue now that the font size violates New York law. Avis's printer has certified that the Rental Agreement is printed in at least eight point type (Kushner Decl. (Dkt. No. 27) ¶ 3), as required by New York law. See N.Y. C.P.L.R. § 4544 (McKinney 2013) ("The portion of any printed contract or agreement involving a consumer transaction . . . where the print is not clear and legible or is less than eight points in depth . . . may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed or prepared such contract or agreement, or who caused said agreement or contract to be printed or prepared.").

meaning of a contractual provision describing the manner in which the defendant would allocate payments received from plaintiff).

### B.        Analysis

It is undisputed that Plaintiff has adequately alleged consumer-oriented conduct and injury in fact.  Accordingly, the sole issue remaining is whether Avis engaged in a deceptive act.  (Def. Br. 7)  Plaintiff argues that Avis did not adequately disclose the ETD convenience fee (see Cmplt. ¶¶ 4, 24), while Avis contends that "Sections 5 and 23 [of the Terms and Conditions,] read together, disclose that the convenience fee will be charged as a related fee for the use of Avis's e-Toll service," and therefore "the convenience fee was properly and unambiguously disclosed."  (Def. Br. 9)

Section 5, entitled "Rental Charges," does not specifically mention an ETD convenience fee; instead, it states that renters using "a car with automatic toll payment capability . . . will pay [Avis] or [its] toll program administrator for all tolls incurred during [the] rental and all related fees, charges and penalties."  (Marino Cert., Ex. A (emphasis added)) Section 23 of the Rental Agreement – the other provision cited by Defendants – is entitled "Collections," and reads in pertinent part as follows:

> 23. Collections.  If you do not pay all amounts due to us under this agreement upon demand, including all charges, fees and expenses, including, without limitation, payment for loss of or damage to the car, rental charges, parking and traffic fines and penalties, toll charges, towing, storage and impoundment fees, you agree to pay a late charge of 1 1/2% per month on the past due balance or the highest rate permitted by applicable law, whichever is less . . . For toll charges you will be charged the standard non-discounted fee for toll[] roads as published by the toll authority plus the convenience fee of $2.50 per rental day regardless of whether you use e-Toll or not and up to $10 per week for the use of this service.  You agree to also pay for any costs that we incur in seeking to collect such Charges including, without limitation, court costs and attorney's fees in

addition to any administrative fees, cost recovery, insufficient funds fees and collection fees . . . .

(Marino Cert., Ex. A (emphasis added))

Section 23 addresses charges and costs a consumer will incur for failing to pay Avis all amounts due.  (Marino Cert., Ex. A (emphasis added))  The first sentence of Section 23 lists toll charges as one type of charge that, if not paid to Avis when due, would be subject to a late fee.  (Id.)  The next sentence explains that "[f]or toll charges you will be charged the standard non-discounted fee for toll[] roads as published by the toll authority plus the convenience fee of $2.50 per rental day regardless of whether you use e-Toll or not and up to $10 per week for the use of this service."  (Marino Cert., Ex. A (emphasis added))  Given that Section 23 is entitled "Collections," and addresses a renter's liability in the event of non-payment, one plausible interpretation of the Rental Agreement is that a renter only becomes liable for the $2.50 convenience fee in the event that the renter fails to pay toll charges.  Given the ambiguity in the language discussing the ETD convenience fee and its placement in a section of the Rental Agreement entitled "Collections," Plaintiff has adequately pled a violation of N.Y. Gen. Bus. Law § 349.

II.     **PLAINTIFF'S** BREACH OF CONTRACT CLAIM IS ADEQUATELY PLED

Avis argues that the breach of contract claim must be dismissed because "[t]he plain language in Sections 5 and 23 of the Rental Agreement permitted Defendants to charge the convenience fee for [use of the ETD] and obligated Plaintiff to pay for it under these circumstances."  (Def. Br. 18-19)  Plaintiff argues that – given the ambiguous language discussed above – he never agreed to pay a convenience fee.  (See Cmplt. ¶¶ 27-28)

A.      **Applicable Law**

"Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994) (citing Bank Itec N.V. v. J. Henry Schroder Bank & Trust Co., 612 F. Supp. 134, 137-38 (S.D.N.Y. 1985)). Here, there is no dispute that a contract exists, that Plaintiff performed, and that an injury occurred. Accordingly, the sole issue remaining is whether Defendants breached the contract by charging Plaintiff an ETD convenience fee. (See Def. Br. 15)

Analysis of a breach of contract claim begins with the language of the contract. See Crowley v. VisionMaker, LLC, 512 F. Supp. 2d 144, 152 (S.D.N.Y. 2007) ("'In reviewing a written contract, a trial court's primary objective is to give effect to the intent of the parties as revealed by the language they chose to use,' and thus the court 'ordinarily looks only at the wording used by the drafters who presumably understood what they intended.'" (quoting Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 426, 428 (2d Cir. 1992))). A motion to dismiss can be granted only where the language of a contract is clear and unambiguous. See id. ("'[W]hen the language of a contract is ambiguous, its construction presents a question of fact,' which of course precludes summary dismissal" (quoting Jackson Heights Med. Grp., P.C., v. Complex Corp., 222 A.D.2d 409, 411 (2d Dept. 1995))); see also Oppenheimer & Co. v. Trans Energy, Inc., No. 12 Civ. 4726(JMF), 2013 WL 2302439, at *5 (S.D.N.Y. May 23, 2013) ("Where a contract's language is clear and unambiguous, a court may dismiss a breach of contract claim on a Rule 12(b)(6) motion to dismiss." (citing Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC, 300 F. App'x 48, 49 (2d Cir. 2008); Rounds v. Beacon Assocs. Mgmt. Corp., No. 09 Civ. 6910(LBS), 2009 WL 4857622, at *3 (S.D.N.Y. Dec. 14, 2009))).

### B.    Analysis

Given this Court's finding that the Rental Agreement is ambiguous as to the applicability of the ETD convenience fee, Defendants' motion to dismiss the breach of contract claim must fail. In <u>Mendez v. Avis Budget Grp.</u>, No. 11-6537(JLL), 2012 WL 1224708, at \*5 (D. N.J. Apr. 10, 2012), the court addressed the same contract language at issue here, and concluded that the plaintiff had adequately pled a breach of contract claim:

> [A] reading of the relevant contract provisions dealing with tolling charges support[s] Plaintiff's contention of a colorable breach of contract claim. When reading the separate "Rental Charges" and "Collections" sections together, the Court finds it to be a reasonable interpretation of those provisions that Defendants could charge administrative fees only for the cost of collecting an unpaid toll whenever a customer breached his duty to pay for the toll himself, and not that a fee could be charged simply for the customer's use of the electronic toll payment service.

<u>Mendez</u>, 2012 WL 1224708, at \*5.

Avis's motion to dismiss Plaintiff's breach of contract claim will be denied.

### III.   **PLAINTIFF'S** <u>UNJUST ENRICHMENT CLAIM IS NOT ADEQUATELY PLED</u>

Avis argues that "the unjust enrichment claim is fatally flawed because the [car rental] transaction is governed by the parties' written agreement." (Def. Br. 22) Plaintiff contends that the Rental Agreement does not entitle Avis to charge an ETD convenience fee, and therefore any "monies wrongfully taken by Defendants" constitute unjust enrichment. (See Cmplt. ¶ 31)

#### A.   **Applicable Law**

"'To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" <u>In re Mid-Island Hosp., Inc.</u>, 276 F.3d 123, 129 (2d Cir. 2002) (quoting <u>Kaye v. Grossman</u>, 202 F.3d 611, 616 (2d Cir. 2000)). "The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of

any agreement." Goldman v. Metro. Life Ins. Co., 5 N.Y.3d 561, 572 (2005) (citing State v.

Barclays Bank of N.Y., 76 N.Y.2d 533, 540 (1990)).  "It is impermissible, however, to seek

damages in an action sounding in quasi contract where the suing party has fully performed on a

valid written agreement, the existence of which is undisputed, and the scope of which clearly

covers the dispute between the parties."  Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70

N.Y.2d 382, 389 (N.Y. 1987) (citing Soviero Bros. Contr. Corp. v. City of New York, 286 A.D.

435, 440-41 (1st Dept. 1955); 12 Williston, Contracts § 1459 (3d ed.); 22A N.Y. Jur. 2d

Contracts § 465).

> B.    **Analysis**

It is undisputed here that the parties' rights and obligations are set forth in a valid

and enforceable written contract – the Rental Agreement – which governs the entire car rental

transaction, including the disputed ETD convenience fee.  In such circumstances, a plaintiff

may not both sue on the contract and pursue a quasi-contract claim, such as unjust enrichment.

New Paradigm Software Corp. v. New Era of Networks, Inc., 107 F. Supp. 2d

325, 326 (S.D.N.Y. 2000) is illustrative.  In the case, plaintiff and defendant had entered into a

contract for the sale of a computer software program.   Plaintiff alleged causes of action for,

inter alia, breach of contract and unjust enrichment relating to the sale.  Id.  Defendant moved to

dismiss the unjust enrichment claim given that "unjust enrichment is a quasi-contractual remedy

which is generally not available where a valid and enforceable contract governing the same

subject matter exists."  Id. at 328 (record citation omitted).  Plaintiff argued that "despite the

existence of a valid contract, Rule 8(e)(2) gives [it] the absolute right to request alternative

types of relief and to assert alternative theories whether based on legal or equitable grounds or

both."  Id. at 329 (record citation omitted).  The court rejected plaintiff's argument:

Plaintiff cites multiple cases which allow pleading of claims of unjust enrichment in addition to breach of contract claims. However, in each of these cases, the existence of the contracts upon which plaintiffs based their claims was at least partially disputed. . . . There is no such dispute here. Because both parties agree that a valid and enforceable contract exists between them, Plaintiff may not plead the quasi-contractual theory of unjust enrichment.

Id. (citing Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 663 (2d Cir. 1996); Marcella v. ARP Films, Inc., 778 F.2d 112, 117 (2d Cir. 1985); Knudsen v. Quebecor Printing Inc., 792 F. Supp. 234, 237 (S.D.N.Y. 1992)).

Plaintiff's unjust enrichment will be dismissed.

## CONCLUSION

For the reasons stated above, Avis's motion to dismiss is granted as to Plaintiff's unjust enrichment claim but otherwise denied. The Clerk of Court is directed to terminate the motion. (Dkt. No. 20) Avis will file an answer within fourteen days of this Order.

Dated: New York, New York
      July 3, 2013

SO ORDERED.

Paul G. Gardephe
United States District Judge

11