UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 28, 2014
```

JODD READICK, on behalf of himself and all others similarly situated,

     Plaintiff,

- against -

AVIS BUDGET GROUP, INC. and AVIS RENT A CAR SYSTEM, LLC,

     Defendants.

**MEMORANDUM**
**OPINION & ORDER**

12 Civ. 3988 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

  Defendants Avis Budget Group, Inc. and Avis Rent A Car System, LLC ("Defendants" or "Avis") have moved to stay this putative class action pending resolution of a parallel putative class action filed in the District of New Jersey. For the reasons stated below, Avis's motion will be granted.

## BACKGROUND

### I. THE *MENDEZ* ACTION

  On November 7, 2011, Jose Mendez filed a putative class action lawsuit against Avis in the District of New Jersey on behalf of a nationwide class of individuals and businesses "who rented vehicles enabled with e-Toll from any rental locations owned or operated by [Avis] or its licensees or from online websites[,] and who were charged non-discounted toll charges and convenience fees in connection therewith."[1] See Class Action Complaint (Dkt. No. 1) ¶ 45, Mendez v. Avis Budget Group, Inc., et al., No. 1:11-cv-06537 (JAD) (D.N.J.) ("Mendez

---

[1] The Mendez Complaint names as defendants Avis Rent A Car System, LLC, Avis Budget Group, Inc. d/b/a Budget Rent A Car System, Inc., and Highway Toll Administration, LLC, a third-party company that allegedly installs electronic toll collective devices in Avis's fleet of vehicles. (Mendez Cmplt. ¶¶ 3, 12-14)

Cmplt.")). The <u>Mendez</u> Complaint alleges that "Avis Budget's pre-printed Rental Agreement . . . fails to identify e-Toll . . . or specify the fees that will be incurred by renters for e-Toll." (<u>Id.</u> ¶ 5) The <u>Mendez</u> Complaint includes claims for injunctive and declaratory relief, and for damages arising from breach of contract, violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 <u>et</u> <u>seq.</u>, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. The <u>Mendez</u> parties have already engaged in extensive discovery. (Certification of Paul J. Halasz in Support of Motion to Stay ("Halasz Cert.") ¶¶ 5-6) The current case management plan in <u>Mendez</u> provides for a discovery deadline of June 5, 2014, and requires the parties to submit class and dispositive motions by December 15, 2014. (<u>Mendez</u>, Amended Pretrial Scheduling Order (Dkt. No. 93))

## II.    THE *READICK* ACTION

On April 24, 2012, Plaintiff Jodd Readick commenced this putative class action against Defendants in the Supreme Court of the State of New York, New York County, on behalf of "those New York residents charged a 'convenience fee' for [Avis's] electronic toll collection devices ('ETD') (e.g. E-ZPass) provided in certain rental cars" during the previous six years. (Readick Cmplt. (Dkt. No. 1) ¶¶ 5, 13) The Complaint alleges that Avis breached its contracts with customers, unjustly enriched itself at customers' expense, and violated New York's Deceptive Practices Act, codified at N.Y. Gen. Bus. Law § 349.[2] On May 18, 2012, Avis removed the action to this Court on diversity grounds pursuant to 28 U.S.C. § 1332. (Notice of Removal (Dkt. No. 1) ¶ 2)

---

[2] The Complaint's factual allegations are detailed in this Court's July 3, 2013 Memorandum Opinion and Order granting in part, and denying in part, Defendants' motion to dismiss. (Dkt. No. 29)

Avis moved to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 20) In a July 3, 2013 Memorandum Opinion and Order, this Court dismissed Plaintiff's unjust enrichment claim, but otherwise denied Defendants' motion. (Dkt. No. 29) No case management plan has been entered in this action and the parties have not yet engaged in discovery.

### III. DEFENDANTS' MOTION FOR A STAY

Defendants have moved for a stay of this action pending resolution of <u>Mendez</u>. Avis argues, <u>inter alia</u>, that allowing <u>Readick</u> to proceed would waste judicial resources, create the potential for inconsistent judicial rulings, and prejudice Avis by forcing it to engage in costly, duplicative discovery. (Def. Br. (Dkt. No. 36) at 1)

## DISCUSSION

### I. LEGAL STANDARD

A district court may stay an action pursuant to "the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936). A stay may be appropriate "in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)." <u>SST Global Tech., LLC v. Chapman</u>, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003). Generally, "where there are two competing lawsuits, the first suit should have priority." <u>Ft. Howard Paper Co. v. William D. Witter, Inc.</u>, 787 F.2d 784, 790 (2d Cir. 1986) (citations and quotation marks omitted). The degree to which two actions overlap is relevant to a court's determination of whether a stay is warranted; however, "parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action."

Caspian Investments, Ltd. v. Vicom Holdings, Ltd., 770 F. Supp. 880, 884 (S.D.N.Y. 1991) (citing Landis, 299 U.S. at 254).

> In deciding whether to grant a stay, courts in this Circuit consider:
>
> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). "These factors are to be balanced, with the principal objective being the avoidance of unfair prejudice." Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 482 (S.D.N.Y. 2007) aff'd sub nom. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102 (2d Cir. 2010). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255. The burden is on the moving party to demonstrate that such circumstances are present. Id. at 256.

## II.    THE BALANCE OF FACTORS FAVORS STAYING *READICK*

Avis argues that a stay is warranted because the allegations in Readick are substantially similar to those in the earlier-filed Mendez action. (Def. Br. (Dkt. No. 36) at 5-7) Avis also notes that because the putative Readick class is "subsumed by the nationwide putative class" alleged in Mendez, a resolution in Mendez will likely "bind the putative class" in Readick. (Id. at 5) Avis further contends that a stay of Readick is appropriate to spare Avis the cost of defending duplicative litigation in multiple forums, to conserve judicial resources, and to eliminate the risk of inconsistent adjudications. (Id. at 8)

Plaintiff opposes the stay request. Plaintiff first argues that procedural rules require a defendant to file a stay motion before answering or otherwise moving with respect to a complaint. (Pltf. Opp. Br. (Dkt. No. 41) at 3) Here, Avis did not seek a stay until after it litigated – and lost – motions to dismiss in both <u>Readick</u> and <u>Mendez</u>. (<u>Id.</u> at 1-2) Second, Plaintiff argues that the "forum shopping" exception to the first-filed rule applies because Defendants -- in removing this action to federal court and then filing a motion to dismiss – engaged in "reverse forum shopping." (<u>Id.</u> at 5) Finally, Plaintiff argues that "forcing New York consumers in a narrow, localized class, to await the results of litigation in a nationwide class with varying issues of state law is neither necessary nor convenient." (<u>Id.</u> at 2, 7)

For the reasons set forth below, this Court concludes that the balance of factors favors staying this action.

### A.   <u>Plaintiff's Interest</u>

"Courts are generally reluctant to stay proceedings out of concern for a plaintiff's right to proceed with [his] case." <u>Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.</u>, No. 05 Civ. 5155, 2007 WL 674691, at *5 (E.D.N.Y. Feb. 28, 2007) (citing <u>LaSala v. Needham & Co.</u>, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)). Here, that concern is mitigated by the fact that certification of a nationwide class in <u>Mendez</u> would likely circumscribe Plaintiff's ability to prosecute this action. Defendants argue – and Plaintiff does not dispute – that "[t]he outcome of both Actions depend[s] on resolution of the exact same issues: whether Avis's standard rental agreement failed to disclose the convenience fee related to use of the e-Toll service, and whether Avis breached the rental agreement or violated consumer protection laws by charging the convenience fee." (Def. Br. (Dkt. No. 36) at 5) Accordingly, if the <u>Mendez</u> court certifies a nationwide class, its rulings will likely have a preclusive effect on the

issues and claims in Readick. Similarly, any post-class certification judgment or settlement in Mendez will likely bind the Readick class. See Hansberry v. Lee, 311 U.S. 32, 42-43 (1940) (noting that "members of a class not present as parties to the litigation may be bound by the judgment where they are in fact adequately represented by parties who are present"). Under such circumstances, courts frequently stay the later-filed, duplicative lawsuit. See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it with prejudice, enjoin the parties form proceeding with it, or consolidate the two actions.").

Plaintiff argues, however, that a stay would be "inconvenient" for two reasons. (Pltf. Opp. Br. (Dkt. No. 41) at 7) First, Plaintiff asserts that 'it is not in the interests of New York consumers to wait years" while the Mendez court determines whether the requirements for nationwide class certification have been met. (Id.) Second, Plaintiff argues that "while the claims may be similar, the non-common issues of law make the actions sufficiently dissimilar to warrant separate actions." (Id.)

Plaintiff's arguments are not persuasive. While it is true that a lengthy delay is not in the interests of New York consumers, Plaintiff does not deny that if a nationwide class is certified in Mendez, the rulings in that case will have a substantial impact on the course of this litigation. Plaintiff does not dispute, for example, that the putative Mendez class subsumes the putative Readick class, and that any judgment or settlement in Mendez would likely bind the Readick plaintiffs. Nor does Plaintiff dispute that the earlier-filed Mendez action is at a more advanced stage than Readick, or that the factual and legal issues in both cases are substantially similar.

6

Indeed, the only relevant "non-common issue[] of law" that Plaintiff identifies is that Readick involves a claim under New York's Deceptive Practices Statute, N.Y. Gen. Bus. Law § 349, while Mendez involves an alleged violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1, et seq. Both provisions are designed to protect consumers from fraud. Plaintiff contends, however, that none of the Mendez plaintiffs are New York residents, and thus the Mendez plaintiffs will not "ha[ve] standing to assert New York law." (Pltf. Opp. Br. (Dkt. No. 41) at 7)

Plaintiff's argument is premised on the incorrect assumption that duplicative federal actions must raise identical claims in order for a court to stay the later-filed action. "[A] court m[ay]," however, "enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." Lasala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).

Plaintiff's argument also ignores practical reasons for staying this action, including that rulings in Mendez will likely resolve many of the factual and legal issues in Readick. See Landis, 299 U.S. at 256 (even though a decision in a pending matter "may not settle every question of fact and law . . . in all likelihood it will settle many and simplify them all"). Moreover, a judgment in Mendez would likely have a res judicata effect on Readick, regardless of whether the New York claim is, in fact, litigated in Mendez. See TBK Partners Ltd. v. Western Union Corp., 675 F.2d 456, 460 (2d Cir. 1982) ("[A] court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.").

7

Finally, Plaintiff has not demonstrated that he or other putative class members will suffer prejudice if a stay is granted. For example, Plaintiff has not argued that his interests will be inadequately represented by the Mendez class representatives. "'[I]t does not suffice for any party – plaintiff, defendant, or otherwise – to assert . . . an inherent right [to proceed in litigation] and rest its case on that bald, abstract proposition, without articulating in concrete terms the practical, real-life effects of the potential deprivation of that right under the circumstances of the particular case at bar.'" LaSala, 399 F. Supp. 2d at 430 (quoting An Giang Agri. & Food Imp. Exp. Co. v. United States, 350 F Supp. 2d 1162, 1164 n.3 (C.I.T. 2004)). Plaintiff's suggestion that it will be "inconvenient" for New York consumers to await resolution of the Mendez action is not sufficient reason to reject Avis's stay motion.

### B.     Defendants' Interest

Avis argues that it will incur significant and unnecessary legal expense if the Readick action is not stayed. Avis notes that Mendez was filed in November 2011 and that the parties have already engaged in considerable written and electronic discovery, whereas no discovery has taken place in Readick. (Def. Br. (Dkt. No. 36) at 9-10) Unless a stay is granted, Avis will be forced to engage in potentially duplicative and costly discovery. To the extent Mendez disposes of some or all of Plaintiff's claims, discovery in Readick will serve little or no purpose. See Finn v. Barney, 08CIV.2975(LTS)(KNF), 2008 WL 5215699, at *3 (S.D.N.Y. Dec. 8, 2008) ("Permitting Plaintiff to engage in discovery in his action, which clearly arises out of the same nucleus of common facts as the pending class action, would prejudice Defendants through the imposition of premature and potentially duplicative discovery burdens." (internal citation and quotation marks omitted)). Accordingly, the Court finds that Avis would be prejudiced by continued prosecution of this action.

C.  **The Court's Interest**

Staying this action will also "serve the interests of the courts by promoting judicial efficiency and 'minimiz[ing] the possibility of conflicts between different courts.'" Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A., 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting N.Y. Power Auth. v. United States, 42 Fed. Cl. 795, 799 (Fed. Cir. 1999)); see also Fleet Capital Corp. v. Mullins, 03 CIV. 6660(RJH) (KNF), 2004 WL 548240, at *4 (S.D.N.Y. Mar. 18, 2004) (noting that one of the purposes of the first-filed rule is to "eliminate the risk of inconsistent judgments").

These two actions involve substantially duplicative claims. The Mendez plaintiffs seek similar – albeit broader – relief than Readick on behalf of a nationwide putative class, and resolution of the breach of contract and consumer law claims in both actions will require similar proof and legal analysis, making claim preclusion likely. See Curtis, 226 F.3d at 138 ("Whether there is claim preclusion depends on whether the same or connected transactions are at issue and the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit.").

As to the potential for conflicting decisions, this Court and the Mendez court have accorded somewhat different treatment to Plaintiffs' unjust enrichment claims. In its July 3, 2013 Memorandum Opinion and Order, this Court dismissed Readick's unjust enrichment claim, finding that he could not sustain this cause of action given that the parties do not dispute the existence of a valid, enforceable contract. (Dkt. No. 29 at 10-11) The Mendez court ruled, however, that the Mendez plaintiffs were entitled to maintain their unjust enrichment claim as an alternate theory of liability. Compare id. with Mendez April 20, 2012 Opinion and Order (Halasz Cert., ¶ 3, Ex. B) at 13-14. Because the allegations and arguments made by the parties

9

in the two actions are not identical, the decisions on Avis's motions to dismiss are not per se in conflict. Nonetheless, the handling of the unjust enrichment claim demonstrates that there is some potential for inconsistent adjudications.

D.   **The Interests of Persons Not Parties to this Litigation**

Neither party has addressed the effect that a stay would have on non-parties to this litigation. Accordingly, the Court finds that this factor is neutral.

E.   **The Public Interest**

"[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary." Estate of Heiser v. Deutsche Bank Trust Co. Americas, 11 CIV. 1608 AJN MHD, 2012 WL 2865485, at *5 (S.D.N.Y. July 10, 2012) aff'd, 11 CIV. 1608 AJN MHD, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012). As noted above, a stay of this action would further interests of judicial economy.

III.   **PLAINTIFF'S REMAINING OBJECTIONS ARE NOT PERSUASIVE**

Plaintiff argues that Avis's request for a stay should be denied because (1) Avis moved for a stay after its motion to dismiss was denied; (2) Avis has engaged in "reverse forum shopping;" and (3) the "balance of convenience" favors Plaintiff. None of these objections is persuasive.

Plaintiff's argument regarding the timing of Avis's motion is misguided. Whether or not New York law requires a party to move for a stay in its first responsive pleading, "federal courts sitting in diversity apply . . . federal procedural law." Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427 (1996) (emphasis added) (citing and applying Erie R. Co. v. Tomkins, 304 U.S. 64 (1938)). Plaintiff cites no federal procedural rule that precludes Avis

10

from moving for a stay now; nor does Plaintiff challenge Avis's removal of this action. As discussed above, a court has inherent authority to stay an action, and that authority may be exercised at any appropriate stage of the proceedings. Given that this case is in its initial stages, and that no discovery has taken place, this is an appropriate point to grant a stay.

Plaintiff also argues that "a motion to stay . . . is forfeited when the moving party actively litigates in the forum under the First to File Rule." (Pltf. Opp. Br. (Dkt. No. 41) at 4) The one case Plaintiff cites for this proposition – Hamilton v. Atlas Turner, Inc., 197 F.3d 58 (2d Cir. 1999) – involves a defendant's failure to move to dismiss for lack of personal jurisdiction "despite several clear opportunities to do so during the four-year interval after filing its answer." Id. at 62 (emphasis added). Unlike in Hamilton, Avis has not waited several years before moving for a stay. Moreover, at the time Avis filed its motion to dismiss in Readick, the future of the Mendez action was not clear, and the Mendez parties had not engaged in extensive discovery. In short, the argument for a stay is much stronger now.

Plaintiff's forum shopping and balance of convenience arguments are likewise not persuasive. "The general rule in this Circuit is that, as a principle of sound judicial administration, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969) (internal citations and quotation marks omitted). Plaintiff has not shown that either the balance of convenience or forum shopping justifies setting aside the first-filed rule. To the extent that Plaintiff argues that Avis engaged in "reverse forum shopping" by removing this case to federal court, removal has not been recognized by the Second Circuit as a "special circumstance" that justifies setting aside the first-filed rule.

11

## CONCLUSION

For the reasons stated above, Avis's motion to stay this action is granted. The Clerk of Court is directed to terminate the motion (Dkt. No. 35). The parties will submit a joint letter every 90 days informing the Court of the progress of the <u>Mendez</u> action.

Dated: New York, New York
      April 25, 2014

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge